**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>1411 K Street N.W. Suite 1300<br>Washington DC 20005,<br><br>Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF ENERGY,<br>1000 Independence Ave., SW<br>Washington, DC 20585,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Civil Action No.: ____________________ |

## INTRODUCTION

1. This case challenges the Department of Energy's ("DOE") failure to timely search for, and provide, records concerning Secretary Wright's first Secretarial Order, entitled *Unleashing the Golden Era of American Energy Dominance* ("Energy Dominance Order"). The February 5, 2025, Energy Dominance Order calls for promoting natural gas exports and expanding domestic reliance on fossil fuels. At the same time, the Order instructs the agency to gut energy efficiency and renewable energy initiatives, on the grounds that these carbon-free energy options "raise energy costs for American families and businesses, threaten the reliability of our energy system, and undermine our energy and national security."

2. Since issuing the Order, Secretary Wright and his DOE have taken a slew of actions to further these goals, including mandates for continued operation of highly polluting coal plants that were set for retirement; rolling back common sense appliance efficiency standards; canceling transmission line projects that would have reduced energy costs by providing greater access to large-scale renewable energy; and otherwise entrenching the Nation's reliance on increasingly expensive and climate-polluting fossil fuels.

3. Seeking to shed light on the bases for the Secretary's dangerous and backward approach to meeting the Nation's energy needs, on February 10, 2025, the Center for Biological Diversity ("Center") submitted a straightforward request under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA") for the factual studies and reports he and his agency relied on to support his Energy Dominance Order's purported findings that energy efficiency and renewable energy policies somehow raise energy costs, threaten grid reliability, and otherwise undermine—rather than promote—the Nation's energy and national security.

4. More than a year-and-a-half later, the agency has failed to either acknowledge no such records exist, and thereby disavow these outrageous claims, or produce a single record supporting them. Accordingly, the Center brings this suit pursuant to FOIA seeking declaratory and injunctive relief to require the search for, and production of, all responsive records.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

8. Plaintiff Center for Biological Diversity ("the Center") is a national, non-profit conservation organization with offices throughout the United States. The Center has more than one million members and online activists who care about protecting the natural environment from the ravages of climate change and other environmental degradation. Among the Center's

priorities are initiatives to advance the critical energy transition from dirty fossil fuels to clean and renewable energy to protect species and their habitats from the harms caused and exacerbated by fossil fuel emissions, infrastructure, and operations. The Center and its members are harmed by Defendant's violations of FOIA, which are preventing the Center from gaining a full understanding of Defendant's activities, priorities, and decision-making. This information and the Center's analysis of it is crucial to inform and prioritize the Center's organizational work.

9. Defendant U.S. Department of Energy ("DOE") is a cabinet-level federal agency with custody and/or control of the records subject to the Center's FOIA request, is subject to FOIA pursuant to 5 U.S.C. § 552, and is responsible for fulfilling the Center's FOIA request.

## **STATUTORY BACKGROUND**

10. FOIA's basic purpose is for government transparency. It establishes the public's right to access all federal agency records with certain narrow exceptions. 5 U.S.C. § 552(b)(1)-(9).

11. FOIA imposes strict deadlines on federal agencies when they receive requests for records. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i). In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i).

12. If the agency can demonstrate "exceptional circumstances" and that it is exercising due diligence in responding to the request, FOIA authorizes this Court to retain jurisdiction and allow the agency additional time to complete its review of the records. *Id*. § 552(a)(6)(C)(i). Exceptional circumstances cannot be a "delay that results from a predictable agency workload . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." *Id*. § 552(a)(6)(C)(ii).

13. FOIA requires each agency to make reasonable efforts to search for records in a manner reasonably calculated to locate all responsive records. *Id.* § 552(a)(6)(A)(i).

14. FOIA requires federal agencies to expeditiously disclose requested records, *see id.* § § 552(a)(3)(A), (a)(6)(C)(i), and places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

## FACTUAL BACKGROUND

### A. Secretary Wright's Energy Dominance Order And Its Implementation

15. In the first weeks of his second term, President Trump issued a slew of Orders designed to boost the production and sale of fossil fuels, including an Order on "Unleashing American Energy" and another establishing the "National Energy Dominance Council," which includes the Secretary of Energy. These Orders direct the federal government to promote fossil fuels and roll back programs that could diminish the market power of the fossil fuel industry, including programs promoting energy efficiency, renewable energy, and electric vehicles.

16. To further this agenda, on February 5, 2025, Secretary Wright issued his first Secretarial Order, entitled "Unleashing the Golden Era of American Energy Dominance" ("Energy Dominance Order"). That Order leads with the following purported "findings:"

> Great attention has been paid to the pursuing of a net-zero carbon future. Net-zero policies raise energy costs for American families and businesses, threaten the reliability of our energy system, and undermine our energy and national security. They have also achieved precious little in reducing global greenhouse gas emissions. The fact is that energy matters, and we need more of it, not less. Going forward, the Department's goal will be to unleash the great abundance of American energy required to power modern life and to achieve a durable state of American energy dominance.

17. Based on these findings, the Energy Dominance Order sets DOE goals to, *inter alia*, prioritize fossil fuel development, expand Liquid Natural Gas ("LNG") exports, and undermine DOE's decades-long and highly successful appliance energy efficiency programs.

18. Since entering these Orders, the Administration, including DOE, has taken a long series of actions to deepen the Nation's addiction to fossil fuels. These include:

- Ordering expensive and polluting coal plants to cancel closure plans and remain operating;
- Gutting local renewable energy projects by withholding billions Congress appropriated, while also delaying renewable energy project approvals on both federal and private lands;
- Stalling, and even buying out, large-scale wind projects;
- Rolling back appliance energy efficiency programs that have saved consumers billions of dollars;
- Gutting electric vehicle programs, including in California;
- Using tariffs and other measures to boost LNG projects; and
- Bypassing state safety approvals and haphazardly restarting an offshore pipeline that spilled hundreds of thousands of gallons of crude oil just over 10 years ago.

### B. The Center's February 2025 FOIA Request And DOE's Failure To Provide Responsive Records

19. Seeking to learn the bases for the findings in the Energy Dominance Order, on February 10, 2025, the Center submitted a FOIA request.

20. The FOIA request stated:

> For background, on February 5, 2025, Secretary of Energy Chris Wright issued a Secretarial Order entitled "Unleashing the Golden Era of American Energy Dominance" ("Secretarial Order"). In support of the Secretary's demand that the Department of Energy ("DOE") focus its attention on fossil fuels, the Order claims that "[n]et-zero policies" – in other words, energy efficiency, weatherization, energy efficient appliances, localized renewable energy, and even utility scale renewables – "raise energy costs for American families and businesses, threaten the reliability of our energy system, and undermine our energy and national security [while also] achiev[ing] precious little in reducing global greenhouse gas emissions."
>
> Specifically, the Center requests from DOE the studies, data, reports or other factual information that support each of these factual claims in the Order that net-zero policies:
>
> 1. Raise energy costs;
> 2. Threaten the reliability of our energy system;
> 3. Undermine energy and national security; and
> 4. Have not meaningfully reduced greenhouse gas emissions.

21. On February 11, 2025, DOE acknowledged receipt of the FOIA request.

22. On April 17, 2025, in response to the Center's request for an update, DOE's FOIA analyst stated that the agency is determining which offices may have responsive records.

23. On May 27, 2025, in response to the Center's request for another update, DOE's FOIA analyst stated that the agency is continuing to determine where responsive records may be located in the agency.

24. In August 2025, and again in November 2025, the Center requested a further update. On November 20, 2025, the FOIA analyst stated that the FOIA request has been sent to the Office of the Secretary for responsive records.

25. On December 5, 2025, in response to the Center's further request for an update, DOE's FOIA analyst for the first time asked the Center to narrow the request to specific individuals, a date range, and certain search terms.

26. On December 8, 2025, the Center responded by explaining that “the Center is only interested in any discrete reports, studies or factual data reviewed by the Secretary or anyone else who worked on the 2/5/25 Executive Order that addresses those issues. We are not looking to emails or discussions.” As the Center summarized, the FOIA request simply seeks “any reports, studies, or factual data that were considered by/before the agency when it made the decisions reflected in the EO.”

27. After ignoring several further requests for an update, on January 15, 2026, the DOE’s FOIA analyst explained that the request “remains pending with the Office of the Secretary.” The FOIA analyst also claimed that a request seeking “records based on whether they were ‘considered by’ or ‘before’ the agency in reaching a policy decision requires subjective interpretation,” and on that basis continued to demand further specificity.

28. On January 26, 2026, the Center responded by explaining that:

> DOE’s most recent request for clarification appears to reflect a misunderstanding of the plain and simple terms of the FOIA request, which we are confident a reviewing court will understand. When an agency makes a decision – be it an Order or a regulation – it does so after considering certain factual and scientific data. When an agency’s regulation is challenged, for example, the agency is required to produce those records so the court can evaluate whether the agency acted reasonably. If you look at the FOIA request, it is simply asking for the factual and scientific data—be it reports, studies, or otherwise—that the Secretary of Energy relied on in making four discrete claims in the Energy Dominance Order, listed in the FOIA request. Nothing more and nothing less.
>
> If, as we suspect, neither the Secretary nor anyone else who worked on the Order actually reviewed any such material before asserting that, for example, net-zero policies raise energy costs and threaten reliability, then that is certainly important for the public to know. But all DOE would need to do to fulfill its obligation under the FOIA is to ask those individuals what they reviewed, and provide them in response to the FOIA. As to which individuals to ask beyond the Secretary, only DOE knows who worked on the Order and thus there is no way to require the requestor to identify those individuals. We are confident we have provided more than enough detail for DOE to comply with its basic FOIA duty here, so please let us know whether DOE will assemble those records. It has now been almost a year since we submitted the FOIA so we are not willing to wait much longer.

29. On April 1, 2026, in response to another Center request for an update, the Center was informed that the request had been assigned to a new analyst, and was assured a further update shortly. After several more update requests, on August 27, 2026, the new FOIA analyst stated that the request was pending review in the DOE General Counsel's office.

30. On October 2, 2026, in response to two additional Center requests for an update, the Center was informed that the request "is still under review by our General Counsel," and that DOE does "not have a projected timeframe for completion."

## FIRST CLAIM FOR RELIEF

(Failure to Comply with FOIA's Mandatory Determination Deadline)

31. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

32. The Center properly requested records within the control of DOE through its February 10, 2025, FOIA request to DOE.

33. The Center has a statutory right to a lawful final determination from DOE on the Center's FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

34. DOE has violated the Center's rights in this regard by unlawfully delaying its determination beyond the deadline that FOIA mandates. *Id*.

35. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to DOE in the foreseeable future.

36. The Center's organizational activities will be adversely affected if DOE is allowed to continue violating FOIA's disclosure provisions.

## SECOND CLAIM FOR RELIEF

(Failure to Promptly Disclose Records Responsive to the Center's FOIA Request)

37. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

38. DOE is violating FOIA by failing to promptly disclose records responsive to the Center's FOIA request.

39. None of FOIA's statutory exemptions apply to the records that the Center seeks.

40. The Center has a statutory right to the prompt disclosure of records it seeks. 5 U.S.C. § 552(a)(3)(A). DOE has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request, having provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See id.* § 552(a)(8)(A), (b)(1)–(9).

41. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to DOE in the foreseeable future.

42. The Center's organizational activities are adversely affected by DOE's failure to produce the requested records.

## THIRD CLAIM FOR RELIEF

(Failure to Conduct Adequate Searches for Records Responsive to the Center's FOIA Request)

43. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

44. The Center has a statutory right to have DOE process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

45. DOE is violating the Center's rights in this regard by unlawfully failing to complete a search reasonably calculated to locate all records responsive to the Center's FOIA request. *Id*.

46. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to DOE in the foreseeable future.

47. The Center's organizational activities will be adversely affected if DOE continues to violate FOIA's requirement to undertake a search reasonably calculated to locate records that are responsive to the Center's FOIA request.

**FOURTH CLAIM FOR RELIEF**

(Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records)

48. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

49. The Center has a statutory right to any reasonably segregable nonexempt portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

50. DOE is violating the Center's rights in this regard by unlawfully withholding reasonably segregable nonexempt portions of any responsive records containing lawfully exempt information.

51. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to DOE in the foreseeable future.

52. The Center's organizational activities will be adversely affected if DOE is allowed to continue violating FOIA's disclosure provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Order the Defendant to immediately make a determination on Plaintiff's February 10, 2025, FOIA request.

2. Order Defendant to conduct searches reasonably calculated to locate all records responsive to the Center's FOIA request, and to produce all responsive records, reasonably segregable nonexempt portions of lawfully exempt records sought in this action, and a *Vaughn* index of any responsive records or portions of responsive records withheld under a claim of exemption, by a date certain and at no cost to Plaintiff.

3. Declare that Defendant's failures to make a determination and timely undertake a search for and disclose to Plaintiff all records responsive to Plaintiff's FOIA Request, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i).

4. Enjoin the Defendant from continuing to withhold any nonexempt responsive records or segregable portions of the records.

5. Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA request and that no agency records or portions of the records are improperly withheld.

6. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

7. Grant such other and further relief as the Court may deem just and proper.

DATED: October 20, 2026

Respectfully submitted,

*/s/ Howard M. Crystal*
Howard M. Crystal
(D.C. Bar No. 446189)

*/s/ Cooper Kass*
Cooper Kass (*pro hac vice* application pending)
(CA Bar No. 346472)

CENTER FOR BIOLOGICAL DIVERSITY
1411 K Street N.W., Suite 1300
Washington, D.C. 20005
Telephone: 202-809-6926
Email: hcrystal@biologicaldiversity.org
ckass@biologicaldiversity.org

*Attorneys for Plaintiff*